# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff/Respondent,<br>　v.<br><br>SANDRA CORINNE BATES,<br><br>　　　　　　Defendant/Petitioner. | CIVIL CASE NO. 08cv1128 J<br>CRIM CASE NO.　02cr1822 J<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Sandra Corinne Bates' ("Bates" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. The Court has considered the Motion, Respondent's Response in Opposition, Petitioner's Reply, and all supporting documents submitted by the parties. Having considered these documents, this Court **DENIES** Bates' Motion and dismisses the case with prejudice.

*Background*

On May 14, 2003, Petitioner was indicted following a superseding indictment under 21 U.S.C. §§ 841(a)(1) and 841(c)(2), and 18 U.S.C. § 2 for conspiring to aid and abet the manufacture of a controlled substance and to distribute and possess a listed chemical. [Doc. No. 35.] On February 18, 2004, Petitioner pled guilty to Count 1 of the indictment pursuant to a plea agreement. [Doc. No. 65.] Under the terms of the plea agreement, Petitioner pled guilty to conspiracy to distribute and possess listed chemicals (iodine) knowing they would be used to manufacture methamphetamine, an offense that carries a

| | |
|---|---|
| 1 | 10-year maximum and no mandatory minimum sentence, in exchange for dismissal of the |
| 2 | remaining counts.  (Resp't Opp'n, App. at 2.)  The plea agreement recommended the |
| 3 | following Base Offense Level and Adjustments under the Guidelines: "1) Base Offense |
| 4 | Level . . . 28; 2) Upward Departure for Quantity [cf. § 2D1.1 comment (n.16) . . . +2; 3) |
| 5 | Hazardous Waste [§ 2D1.11(b)(3)] . . . +2; 4) Acceptance of Responsibility [§ 3E.1.1(a)] . . |
| 6 | . -2." (*Id.* at 7.)   The plea agreement also contained a waiver of "any right to appeal or to |
| 7 | collaterally attack the conviction and sentence . . . unless the court imposes a custodial |
| 8 | sentence greater than the high end of the guideline range . . . recommended by the |
| 9 | Government pursuant to this plea agreement at the time of sentencing." (*Id.* at 9.) |

Sometime around June 2004, Petitioner and her husband absconded from supervision. [*See* Doc. No. 79.] A bench warrant was issued, and Petitioner was arrested on July 29, 2005. [Doc. No. 92.] Petitioner filed a motion for new counsel, which the Court granted. [Doc. No. 95.]  Petitioner thereafter filed a motion to dismiss the indictment for lack of jurisdiction and to withdraw her guilty plea, which the Court denied. [Doc. Nos. 127, 153, 171.]  On January 27, 2006, the Court sentenced Petitioner to 120 months in custody followed by supervised release for three years.  [Doc. No. 171.]

Petitioner appealed. [Doc. No. 173.] The Ninth Circuit affirmed Petitioner's conviction and sentence in an unpublished memorandum decision filed February 22, 2007. [Doc. No. 188; 2007 WL 580679 (9th Cir. Feb. 22, 2007).  On June 25, 2007, the Supreme Court denied certiorari.  551 U.S. 1153 (2007).

### *Legal Standard*

A sentencing court is authorized to "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or "inconsistent with the rudimentary demands of fair procedure."  *United States v. Timmreck*, 441 U.S. 780, 783 (1979).  Additionally, the scope of collateral attack is much more limited than on direct appeal.  *United States v. Addonizio*,

442 U.S. 178, 184-85 (1979). Further, if a petitioner has procedurally defaulted by not raising a claim on direct review, he will be barred from raising it on collateral review unless he can meet one of the exceptions excusing procedural default, such as cause and prejudice or a fundamental miscarriage of justice. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

If the record clearly indicates that a petitioner does not have a claim or that a petitioner has asserted "no more than allegations unsupported by the facts or refuted by the record," a district court can deny a § 2255 motion without holding an evidentiary hearing. *See United States v. Quan*, 789 F.2d 711 (715 (9th Cir. 1986).

### *Discussion*

Petitioner seeks to have her sentence corrected on the grounds that she had ineffective assistance of counsel, the supervised release portion of her sentence is illegal, and the sentence enhancements applied by the Court are illegal.

**I.     Ineffective Assistance of Counsel**

Petitioner offers three grounds in support of her ineffective assistance of counsel claim: 1) Trial and appellate counsel failed to object to the two-level upward adjustment related to disposal of waste; 2) Trial and appellate counsel failed to object to the two-level adjustment based on the quantity of iodine; 3) Trial and appellate counsel failed to object the Court's imposition of supervised release. (Pet'r Mem. of P. & A. 3.)

A.     <u>Standard for Ineffective Assistance of Counsel Claims</u>

"It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To succeed on an ineffective assistance of counsel claim, Petitioner must make two showings. First, he must demonstrate that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Then, Petitioner must show that his counsel's deficient performance "prejudiced the defense. This requires showing that counsel's errors were so

serious as to deprive the defendant of a fair trial." *Id.* A court may deny a claim if it determines either counsel's performance was not deficient or that counsel's performance did not prejudice the defense. *Id.* at 700. Moreover, "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986) (citations omitted). Further, the Court is cognizant that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

B.    Sentence Adjustments

Petitioner alleges that her counsel was ineffective for failing to challenge the Court's imposition of sentence enhancements for disposal of waste and quantity of iodine. (Pet'r Mem. of P. & A. 3-4.) Petitioner is unable to satisfy either prong of the *Strickland* standard with respect to this claim.

Petitioner has provided no evidence that her counsel's performance was deficient. Petitioner agreed to the sentence enhancements as part of her plea agreement. (Resp't Opp'n, App. at 7.) At sentencing, Petitioner's counsel implicitly argued against the enhancements by moving to withdraw the plea agreement, suggesting alternative guidelines calculations, and arguing that the Government was required to prove the total quantity of iodine sold. (*Id.* at 38-41, 57, 65-68.) Given this evidence, Petitioner cannot overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable representation." *Ferreira-Alameda*, 815 F.2d at 1253.

Further, Petitioner has not demonstrated prejudice. Again, Petitioner agreed to the sentence enhancements, as well as the factual basis underlying them, in her plea agreement. (Resp't Opp'n, App. at 7.) Because of this, there is no reason to believe that, had Petitioner's counsel explicitly objected to the imposition of the enhancements, the Court would have sentenced Petitioner any differently.

### C. Supervised Release

Petitioner alleges that both her trial and appellate counsel were ineffective for failing to challenge the Court's imposition of a term of supervised release in its sentence. (Pet'r Mem. of P. & A. 3-4.) Petitioner alleges that counsel should have objected because the imposition of supervised release was "clearly illegal, since the Court had already sentenced defendant to the statutory maximum incarceration term of 120 months." (*Id.*) Petitioner's argument is unavailing, as the Ninth Circuit has clearly rejected this argument. *See, e.g.*, *United States v. Liero*, 298 F.3d 1175, 1177-78 (9th Cir. 2002) (holding that supervised release is not part of the term of imprisonment, so its imposition does not violate statutory maximum). Because this argument lacks merit, Petitioner is unable to prove that the result of the proceeding would have been different had counsel raised the argument.

Petitioner has not met the *Strickland* standard for ineffective assistance of counsel claims. Accordingly, the Court **DENIES** her ineffective assistance of counsel claim.

## II. Sentence Enhancements

Petitioner alleges that the sentence enhancements imposed by the Court for disposal of waste and iodine quantity were illegal because they were "not authorized by the judgment of conviction" and "in violation of the Constitution." (Pet'r Mem. of P. & A. 6.) Petitioner claims that she never agreed to these enhancements; however, this assertion is clearly contradicted by the record. The plea agreement explicitly provided that the "parties will jointly recommend" the base offense level and adjustments, which included the enhancements at issue. (*See* Resp't Opp'n, App. at 7.) Petitioner also admitted to the factual basis supporting the enhancements in the plea agreement. (*Id.* at 3-4.)

Petitioner also suggests that the enhancements violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 46, 490 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Pet'r Mem. of P. & A. 7.) In *Blakely v. Washington*, the Supreme Court announced, "[T]he statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose

solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. 296, 303 (2004).  In the present case, Petitioner admitted the facts that served as the basis for the sentence enhancements. (*See* Resp't Opp'n, App. at 3-4 ("The amount of iodine involved in the offense . . . was at least 295 pounds. . . . The offense involved the unlawful disposal of hazardous waste. . . .").)  Because of Petitioner's factual admissions in the plea agreement, the imposition of the enhancements did not violate *Apprendi* or *Blakely*.  Therefore, the Court **DENIES** Petitioner's illegal sentence claim.

### III. Supervised Release

Petitioner claims that the Court's imposition of supervised release in addition to the maximum custodial sentence resulted in a sentence in excess of the statutory maximum. (Pet'r Mem. of P. & A. 11.)  As discussed above, this argument is unavailing, as it has been expressly rejected by the Ninth Circuit. *See Liero*, 298 F.3d at 1177-78.  Accordingly, the Court **DENIES** this claim.

### IV. Evidentiary Hearing

In the present case, no evidentiary hearing is merited because Petitioner's petition rests on legal arguments that do not require resolution of any factual disputes.  In order for Petitioner to qualify for an evidentiary hearing, she must "make specific factual allegations which, if true, would entitle him to relief." *Bauman v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  Petitioner has not made any new factual allegations or provided new factual evidence to contest her conviction.  Therefore, Petitioner is not entitled to an evidentiary hearing.

### *Conclusion*

For the foregoing reasons, this Court **DENIES** the Petition for Writ of Habeas Corpus and dismisses the action with prejudice.

**IT IS SO ORDERED.**

DATED:  July 10, 2010

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge